Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Matthew G. Gunn, ISB #8763
mgunn@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
***iCourt efiling only!:*** rlg@rossmanlaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHANNES CLAUS,<br><br>     Plaintiff,<br><br>-vs-<br><br>CANYON COUNTY, IDAHO, a political subdivision of the State of Idaho,<br><br>     Defendant. | CASE NO. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Johannes Claus, the above-named Plaintiff, and for cause of action against Defendant Canyon County, Idaho, hereby COMPLAINS AND ALLEGES as follows:

## PARTIES

1.       Plaintiff Johannes Claus (hereinafter "Claus") at all times herein mentioned has been, and presently is, a resident of Ada County, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

2.      Defendant Canyon County, Idaho ("Canyon County") at all times herein mentioned has been, and presently is, a political subdivision of the State of Idaho.

## JURISDICTION AND VENUE

3.      Jurisdiction is appropriate pursuant to 28 U.S.C. § 1331 as this case presents as a claim and question brought under federal law. Pendant jurisdiction over state law claims is appropriate pursuant to 28 U.S.C. § 1367.

4.      Venue is appropriate in the District of Idaho pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5.      Mr. Claus was an employee of Canyon County from approximately October of 2016 until August 6, 2018.

6.      Mr. Claus was hired in October of 2016 at the Public Defender Attorney II pay grade based on his extensive legal experience. Mr. Claus passed the New York State bar in 2004 and carried an active law license since that time. During the application process Mr. Claus identified himself as a disabled veteran.

7.      In the summer of 2017, Canyon County changed its pay policy for public defender attorneys to a seniority system. Attorney pay would henceforth be based on the number of years since an attorney passed the bar, including years that the attorney was actively licensed in any state.

8.      The seniority system made no distinction between years worked as an attorney in the field of criminal law, and years worked as an attorney in other areas of law; all years spent working as an attorney counted in calculating seniority.

9.      Canyon County, however, informed Mr. Claus that the years Mr. Claus spent as a Judge Advocate attorney in the military was not relevant to criminal defense.

10.     Over Mr. Claus' objection, Canyon County discounted Mr. Claus' years of service from 13 to 6, which demoted Mr. Claus and reduced his pay to the level of a sixth year Public Defender Attorney I.

11.     In late August or early September 2017, Mr. Claus met with Aaron Bazzoli, the new Chief Public Defender, to further address his objections to his demotion and pay reduction. Mr. Claus showed Mr. Bazzoli his resume, his New York bar passage date, and his employment letter bringing him on as a Public Defender Attorney II in October of 2016.  Mr. Bazzoli agreed to look into the matter.

12.     Mr. Bazzoli did not follow up with Mr. Claus. When Mr. Bazzoli called an office meeting to discuss the new pay structure, however, he informed the attorneys that Mr. Claus was the sole attorney in the office who had years of service discounted, resulting in a reduction in pay. Mr. Claus waited to receive his Christmas bonus to see if any change in salary or payment of back salary differential would be made.

13.     Mr. Claus received no change in salary or payment of his back salary differential at Christmas. After the new year, in January of 2018, Mr. Claus again met with Mr. Bazzoli and Mr. Bazzoli's deputy, Jesse Scott James. Mr. Claus again raised his concern that he was not getting paid equally with his peers possessing equivalent experience levels, and that he believed that his pay rate should be as a Public Defender Attorney II with 13 years' experience.

14.     Furthermore, Mr. Claus informed Mr. Bazzoli and Mr. James of his belief that he was being discriminated against based on his veteran status, as Canyon County was

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

discounting the entirety of Mr. Claus' years spent serving his country in the military as a Judge Advocate attorney. Mr. Claus provided Mr. Bazzoli with a document outlining the protections afforded veterans such as himself by the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") to further attempt to ensure his rights were protected and he was free of discrimination based on his status as a veteran. Mr. Bazzoli's body language was highly dismissive of the USERRA document provided by Mr. Claus.

15.     Later that week Mr. Bazzoli informed Mr. Claus that his salary had been adjusted to the 13-year experience legal, and that Mr. Claus would receive payment for the salary differential back to October of 2017.  Ultimately, in one of his February 2018 paychecks, Mr. Claus' pay was increased, and he received the backdated pay raise. Mr. Claus was thus made whole at this juncture.

16.     Mr. Claus began to suffer retaliation shortly thereafter. Mr. Bazzoli informed Mr. Claus that, starting March 1, 2018, Mary Gigray, a junior attorney with fewer years as an attorney than Mr. Claus who was working on the child protection docket, was going to take over Mr. Claus' misdemeanor caseload in Judge DeMeyer's courtroom, and that Mr. Claus would be taking over Ms. Gigray's child protection caseload in Judge Tucker's court.

17.     A misdemeanor assignment such as the one taken away from Mr. Claus is a "stepping-stone" assignment to a felony team, while a child protection assignment was not a similar "stepping-stone" assignment. A felony team assignment garners a higher salary and is often a pathway to leadership positions or a judgeship; a child protection assignment presents neither of those opportunities.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

18.    Mr. Claus, however, did not contest or complain regarding his child protection assignment, believing that hard work and willingness to complete all assigned tasks would ultimately lead to promotion and increased compensation.

19.    Approximately three months after the transfer described in paragraph 16, *supra*, Ms. Gigray was promoted to a felony assignment. Mr. Claus received no promotion.

20.    Subsequent to his pay raise, Mr. Claus started getting regularly called into Mr. James' office to be reprimanded for minimal offenses, such as typing client notes in too close proximity to an office paralegal and thereby invading the paralegal's space.

21.    Subsequent to his pay raise, Mr. Claus was singled out for these reprimands as other public defenders who engaged in the same or worse conduct were not similarly reprimanded by Mr. James.

22.    Subsequent to Mr. Claus' pay raise, Mr. James consistently made sarcastic comments to Mr. Claus that Mr. Claus was a "fourteen year attorney, right?" when reprimanding Mr. Claus, an obvious and derogatory reference to Mr. Claus' objection that his military Judge Advocate attorney service time should be counted towards his seniority for compensation purposes.

23.    Subsequent to Mr. Claus' pay raise, Mr. Bazzoli and Mr. James took every opportunity to belittle and denigrate Mr. Claus in front of the other attorneys. When Mr. Claus was granted an I. C. R. 29 directed verdict by Judge DeMeyer during a jury trial, Mr. Bazzoli declined to offer any praise and went out of his way to state to Mr. Claus in front of his peers that a Rule 29 was "not a victory by jury decision." When Mr. Claus successfully appealed a

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

conviction, Mr. James, at a weekly office offered no praise but took the time to opine that it "[l]ooks like Judge "Set 'em free McKee" threw you a bone!"

24.     On July 20, 2018 Mr. Claus had a witness and exhibit list deadline in one of his child protection cases that was going to trial on the critical issue of termination of parental rights. Legal support staff filed Mr. Claus' witness and exhibit list and went home for the day at 5:00 p.m. At 5:30 p.m., while Mr. Claus was still at his desk another witness with important information called and informed Mr. Claus that she wanted to testify at trial. Mr. Claus also noticed that legal support staff had omitted a key witness from the filed witness and exhibit list. Mr. Claus felt that it was necessary to amend the witness list to include these two key witnesses, without which the client's case would be severely and prejudicially impacted. Canyon County had no policies or procedures in effect for after-hours, exigent filing. Confronted with the alternative of prejudicing his client's chances of retaining parental rights, Mr. Claus had a paralegal friend e-file the exhibit and witness list without opening it.

25.     Mr. Claus was called into Mr. James' office on July 25, 2018.  Mr. Claus was told that it was improper to have sent a confidential document outside of the office. Mr. James ignored Mr. Claus' concerns with the lack of contingency plan in the office for such exigent circumstances as those faced by Mr. Claus on July 20, 2018.

26.     Mr. James also informed Mr. Claus he observed Mr. Claus allegedly make an error at trial in failing to lodge an objection at a certain juncture. Mr. James again sarcastically noted that "we have you down as a 14-year attorney, right?", another clearly derogatory reference to the fact that Mr. Claus received experiential compensation credit for his years spent serving his country in the military as a Judge Advocate attorney.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

27.     Mr. James then chastised Mr. Claus for allegedly arriving a few minutes late to work and for not clearing his email inbox sufficiently quickly, again with another derogatory reference to Mr. Claus being a 14-year attorney.

28.     Mr. Claus asked other attorneys if they were chastised by Mr. James in instances where they arrived late to work or did not clear their email inboxes immediately after a trial, and they were not. Mr. Claus was singled out.

29.     Neither Mr. Bazzoli nor Mr. James gave Mr. Claus any written reprimand or performance improvement plan at this point in time.

30.     On July 27, 2018, Mr. James called Mr. Claus into Mr. Bazzoli's office. Mr. Bazzoli told Mr. Claus that his employment was being terminated. Mr. Claus asked Mr. Bazzoli the reason for his termination, and Mr. Bazzoli refused to provide any reasoning or justification. Mr. Claus pointed out that he had handled more cases than any other attorney during his employment, as well as the complete lack of written reprimand or performance improvement plan. Mr. Bazzoli simply reiterated that Mr. Claus was being terminated for general performance issues.

31.     After a good faith hearing in which Mr. Claus reiterated his concerns to Canyon County regarding discrimination and retaliation based on his status as a veteran in violation of USERRA and requested reinstatement to his position, Mr. Claus was finally terminated on August 6, 2018.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 7**

## COUNT ONE

### *Termination in Violation of Uniformed Services Employment and Reemployment Rights Act of 1994*

32.     Mr. Claus hereby realleges the allegation contained in Paragraphs 1 through 31 as set forth above and incorporates the same herein by reference.

33.     Defendant at all times herein mentioned, was and now is an employer within the meaning of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), United States Code, Chapter 43, Part III, Title 38.

34.     From October of 2016 to and through August 6, 2018, Mr. Claus was employed by Defendant and was an "employee" within the meaning of USERRA.

35.     An employer is liable for wrongful termination where the motivation for the termination contravenes the USERRA.

36.     An important right recognized by USERRA is that an employer may not discharge, discriminate or retaliate against an employee on the basis of the employee's veteran status or military service.

37.     Defendant's discrimination, retaliation, and discharge of Mr. Claus' employment because he reported discriminatory pay practices based on his military service as a Judge Advocate attorney constitutes a material breach of USERRA.

38.     As a direct and proximate result of Defendant's breach of USERRA, Mr. Claus has suffered damages in excess of $10,000 to be proven with specificity at trial.

39.     Mr. Claus is entitled to recover his attorney fees and costs incurred in pursuing this matter pursuant to 38 U.S.C. § 4323, Idaho Code § 12-121, I.R.C.P. 54, and any other applicable provisions of Idaho law.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

40.     Mr. Claus is entitled to recover liquidated damages pursuant to 38 U.S.C. § 4323(d) because Canyon County's termination of and retaliation against Mr. Claus in violation of USERRA was unwarranted, irresponsible, and a direct, willful, intentional, and knowing violation of USERRA.

## COUNT TWO

### *Negligent/Intentional Infliction of Emotional Distress*

41.     Mr. Claus hereby realleges the allegation contained in Paragraphs 1 through 40 as set forth above and incorporates the same herein by reference.

42.     By its actions detailed herein above, Defendant has negligently and/or intentionally caused Plaintiff to suffer extreme mental anguish and emotional distress which distress has resulted in physical manifestations including sleeplessness, depression and anxiety.

43.     As a result of Defendant's negligent and/or intentional infliction of severe emotional distress, Plaintiff has suffered damages in an amount exceeding $10,000, the exact amount to be proven with specificity at trial.

44.     Mr. Claus is entitled to recover his attorney fees and costs incurred in pursuing this matter pursuant to Idaho Code § 12-121, I.R.C.P. 54, and any other applicable provisions of Idaho law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment, Order and Decree of this Court as follows:

1.     For judgment of the court awarding Plaintiff Claus damages in excess of $10,000.00, for both economic and non-economic damages, incurred as a result of Defendant's constructive discharge of Mr. Claus in violation of USERRA;

2.     For prejudgment interest on all damages recovered at the rate set forth within Idaho Code § 28-22-104;

3.     For Plaintiff's reasonable attorney fees and costs incurred in prosecuting this action; and

4.     For such other and further relief as court deems just and necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Idaho Rule of Civil Procedure 38(b) and the Constitution of the United States of America.

DATED this 30th day of May, 2019.

ROSSMAN LAW GROUP, PLLC

Matthew G. Gunn
Attorneys for Plaintiff

Z:\Work\C\Claus, Johannes\Pleadings\Complaint.docx